UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| **ALLEN S. COUTURE,** *et al.,*<br><br>                              Plaintiffs,<br><br>     v.<br><br>**LLOYD J. AUSTIN, III**, in his official capacity as Secretary of Defense, *et al.*,<br><br>                              Defendants. | Case No. 8:22-cv-121-JLB-SPF |

### DEFENDANTS' UNOPPOSED MOTION TO STAY PROCEEDINGS

Defendants respectfully request that the Court stay proceedings in this case pending final resolution of the government's appeal of the nationwide preliminary injunction entered in *Feds for Medical Freedom v. Biden*, --- F. Supp. 3d ----, 2022 WL 188329 (S.D. Tex. Jan. 21, 2022), *appeal pending* No. 22-40043 (5th Cir.). Plaintiffs do not oppose this request. Good cause exists to grant this motion, as set forth below.

1. Plaintiffs are 36 federal employees and two individuals who are employees of federal contractors. They challenge vaccination requirements imposed pursuant to Executive Order 14043 (federal employees) and Executive Order 14042 (federal contractor employees). *See generally* Am. Compl., ECF No. 44.

2. Both of these vaccination requirements are currently preliminarily enjoined on a nationwide basis. *See Feds for Med. Freedom*, 2022 WL 188329 (Executive Order 14043); *Georgia v. Biden*, 574 F. Supp. 3d 1337 (S.D. Ga. 2021) (Executive Order

1

14042), *appeal pending*, No. 21-14269 (11th Cir.); *see also Florida v. Nelson*, --- F. Supp. 3d ----, 2021 WL 6108948 (M.D. Fla. Dec. 22, 2021), *appeal pending*, No. 22-10165 (preliminarily enjoining enforcement of Executive Order 14042 with respect to any covered contract in Florida). In *Feds for Medical Freedom*, the case challenging Executive Order 14043, the Fifth Circuit reversed the district court's preliminary injunction decision on April 7, 2022, but the mandate did not immediately issue and the injunction remained in effect. *See Feds for Med. Freedom v. Biden*, 30 F.4th 503 (5th Cir. 2022). On June 27, 2022, the Fifth Circuit granted the plaintiffs' petition for rehearing en banc, vacated the panel opinion, ordered supplemental briefing, and set the case for oral argument. *See Feds for Med. Freedom v. Biden*, No. 22-40043 (5th Cir. June 27, 2022). The case will be argued before the en banc Fifth Circuit on September 13. The preliminary injunction remains in effect.

3. A stay of proceedings pending the final resolution of the government's appeal in *Feds for Medical Freedom* will promote judicial economy and preserve the resources of the parties and this Court. *See Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936) (a district court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"); *accord, e.g.*, *Gilberti v. DeSantis*, No. 2:19-cv-282 2019 WL 5103312, at *1 (M.D. Fla. 2019) (staying proceedings pending outcome of appeal in related case).

4. The *Feds for Medical Freedom* appeal presents key issues that are likely to be relevant to the disposition of this case, including whether federal employees'

2

challenges to Executive Order 14043 are precluded by the Civil Service Reform Act, whether federal employees who seek to preemptively challenge enforcement of Executive Order 14043 in district court present ripe claims, and whether Executive Order 14043 was a lawful exercise of the President's constitutional and statutory authority.  Moreover, Plaintiffs will not be prejudiced by a stay because so long as the *Feds for Medical Freedom* injunction remains in place, they face no threat of harm from Executive Order 14043.  In these circumstances, two other courts in this district have stayed litigation challenging Executive Order 14043 pending the outcome of the *Feds for Medical Freedom* appeal.  *See* Order, *Health Freedom Defense Fund v. Biden*, Case No. 8:21-cv-2679-MSS-JSS (M.D. Fla. Mar. 25, 2022), ECF No. 36; Order, *State Dep't Employee 1 v. Mayorkas*, Case No. 8:22-cv-364-SDM-TGW (M.D. Fla. July 5, 2022), ECF No. 28. The requested stay is also of a limited nature—for the duration of the government's appeal in *Feds for Medical Freedom*, where en banc argument is scheduled for September 13—and will not cause undue delay in the resolution of this case.

5.   As noted above, 36 of the 38 plaintiffs in this case are federal employees covered by the *Feds for Medical Freedom* preliminary injunction.  The two plaintiffs who are employees of federal contractors are also covered by a nationwide preliminary injunction, and a stay of their claims is appropriate for the same reasons addressed above.  Should that injunction be vacated or narrowed prior to final resolution of the government's appeal in *Feds for Medical Freedom*, Defendants propose that the parties file a joint status report at that time addressing whether and to what extent the stay should be modified.

6.      For the foregoing reasons, Defendants respectfully request that the Court enter an order staying proceedings in this case pending final resolution of the government's appeal of the *Feds for Medical Freedom* preliminary injunction.

## LOCAL RULE 3.01(g) CERTIFICATION

Undersigned counsel conferred with Plaintiffs' counsel by email on July 29, 2022 and August 2, 2022. Plaintiffs' counsel does not oppose the relief requested in this motion.

Dated: August 3, 2022              Respectfully Submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

CHRISTOPHER R. HALL
BRAD P. ROSENBERG
CARLOTTA P. WELLS
Assistant Branch Directors

*/s/ R. Charlie Merritt*
R. CHARLIE MERRITT
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Tel: (202) 616-8098
Fax: (202) 616-8470
Email: robert.c.merritt@usdoj.gov

*Counsel for Defendants*