IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| ALLEN S. COUTURE, *et al.*,<br><br>    *Plaintiffs*,<br><br>v.<br><br>LLOYD J. AUSTIN, III, in his official capacity as Secretary of Defense, *et al.*,<br><br>    *Defendants*. | No. 8:22-cv-121-JLB-SPF |

**PLAINTIFFS' RESPONSE TO COURT'S ORDER TO SHOW CAUSE**

  Plaintiffs respectfully submit this response to the Court's Order of December 19, 2023 to Show Cause, in which the Court directed Plaintiffs to show why this matter should not be dismissed as moot under *Health Freedom Def. Fund v. President of United States*, 71 F.4th 888 (11th Cir. 2023). Given the overlap in issues addressed in Plaintiffs' Opposition to Defendants' Motion to Dismiss (ECF No. 62-1), to include mootness and the exception of the "voluntary cessation" doctrine, Plaintiffs respectfully incorporate all facts, case law citations, and arguments from their Opposition pertaining to the issue of mootness herein.

  Two key factual differences exist between the mask mandate challenged in *Health Freedom* and the vaccine mandate challenged in Plaintiffs' case,

differences which clearly place this case under the "voluntary cessation" exception to mootness doctrine: (1) the vaccine mandate was never set to expire absent revocation by Executive Order 14099 ("Revocation Order"); and (2) there is evidence that the President's decision to rescind the vaccine mandates in Executive Orders 14042 and 14043 was made to avoid further litigation.

*Health Freedom* challenged the Centers for Disease Control (CDC) mandate requiring all individuals to "wear a mask while boarding, disembarking, and traveling on any conveyance into or within the United States" and while "at any transportation hub that provides transportation within the United States." *Requirement for Persons to Wear Masks While on Conveyances and at Transportation Hubs*, 86 Fed. Reg. 8025-01, 8029 (Feb. 3, 2021). This mandate was to remain "in effect unless modified or rescinded based on specific public health or other considerations, or until the Secretary of Health and Human Services rescinds the determination under section 319 of the Public Health Act (42 U.S.C. [§] 247d) that a public health emergency exists." *Id.* at 8030. *Health Freedom Def. Fund v. President of the United States* was initiated under the Administrative Procedure Act (5 U.S.C. § 706) to challenge the lawfulness of this mandate; on April 18, 2022, the district court vacated the mandate nationwide. *Health Freedom*, 599 F. Supp. 3d 1144 (M.D. Fl. 2022).

Nearly one year later, on April 10, 2023, President Biden signed a joint resolution of Congress that terminated the national emergency, which was followed by the expiration of the Secretary of Health and Human Services' declaration of a public health emergency on May 11, 2023.[1] With the public health emergency declaration having expired, the mandate was no longer enforceable. Naturally, this raised the question of mootness. The *Health Freedom* plaintiffs challenged mootness by arguing, in part, that the exception to mootness doctrine of "voluntary cessation" was applicable. *Health Freedom*, 71 F.4th at 892. The *Health Freedom* Court found the doctrine inapplicable under the specific facts of the case:

> By its own terms, the Mandate expired after the HHS Secretary declared that the public health emergency has ended, and there is no hint that this decision was an effort to avoid further litigation. Further, nothing in the text of the Mandate suggests it can be revived after its expiration, and there is not a grain of evidence that the CDC has any plans to promulgate an identical mandate.

*Id.*

The Eleventh Circuit noted the mandate's expiration was tied to the conclusion of a public health emergency. This connection was explicitly stated in the mandate itself and built in as a contingency clause—the mandate was to remain "in effect unless modified or rescinded based on specific public health

---

[1] Act of Apr. 10, 2023, Pub. L. No. 118-3, 137 Stat. 6 (2023); *End of the Federal COVID-19 Public Health Emergency (PHE) Declaration*, Centers for Disease Control and Prevention (May 5, 2023), https://www.cdc.gov/coronavirus/2019-ncov/your-health/end-of-phe.html.

3

or other considerations or until the Secretary of Health and Human Services rescinds the determination […] that a public health emergency exists." *Id.* at 890-891. As such, the Eleventh Circuit found that the rescinding of the CDC mandate was triggered by an automatic contingency present in the mandate, with no intent to avoid litigation. *Id.* at 892 ("the Mandate has expired on its own terms").

Yet unlike the CDC's mandate under focus in *Health Freedom*, revocation of the respective vaccine mandates in this case was never contingent on the ending of a declaration of a national public health emergency. The implementing Executive Orders (14042 and 14043) and the Safer Federal Workforce Taskforce's guidance are conspicuously devoid of such language—there is no provision that the mandate will "[expire] on its own terms."[2] Absent a court order finding the vaccine mandates to be unlawful, the only other method to revoke them was by subsequent Executive Order.

It is quite evident that the Biden Administration revoked the vaccine mandates in Plaintiffs' case to avoid further litigation on the issue. The nationwide injunction against Executive Order 14043 was affirmed by the Fifth Circuit, en banc, on March 23, 2023. The Revocation Executive Order was

---

[2] Safer Federal Work Force Task Force, Frequently Asked Questions, "Vaccinations," available at:
https://web.archive.org/web/20230424112912/https://www.saferfederalworkforce.gov/faq/vaccinations/ (last available Apr. 24, 2023).

4

issued on May 9, 2023, just six days prior to the Fifth Circuit issuing the mandate on its decision.[3] The Government then used the revocation to argue for vacatur of the Fifth Circuit's decision under *United States v. Munsingwear*; the Supreme Court granted the Government's petition for a writ of certiorari on December 11, 2023. *Biden v. Feds for Medical Freedom*, --- S. Ct. ----, 2023 WL 8531839 (Dec. 11, 2023) (Mem).[4]

The timing of the Revocation Order and of the Government's subsequent actions in seeking vacatur of unfavorable decisions is no coincidence—it was done to avoid any further negative decisions on the unlawfulness of the vaccine mandates, and to preclude Supreme Court review of conflicting decisions (such as in *Payne v. Biden*, 62 F.4th 598 (D.C. Cir. 2023)).[5] This notion is not lost on various reporting media outlets. For example, *The Hill* published an article on the Supreme Court's decisions under the headline: "Supreme Court wipes

---

[3] The Fifth Circuit issued its mandate on May 15, 2023.

[4] Notably, this vacatur was solely of the preliminary injunction and any decisions on the same. The district court case of *Feds for Medical Freedom v. Biden*, Case No. No. 3:21-cv-356 (S.D. Tx.), which also seeks declaratory relief, is still pending; only the preliminary injunction has been ordered vacated by the Supreme Court's decision. The case of *Georgia v. Biden* (in which a preliminary injunction was issued against Executive Order 14043) was voluntarily dismissed by the Plaintiff-States in June 2023, following issuance of the Revocation Order. *Georgia v. Biden*, Case No. 1:21-cv-163-RSB-BKE (S.D. Ga.), ECF Nos. 127-128.

[5] The Government also sought vacatur of other decisions, such as *Doster v. Kendall*, 54 F.4th 398 (6th Cir. 2022), which upheld a preliminary injunction against the Air Force's implementation of the military's vaccine mandate, and *Payne v. Biden*, 62 F.4th 598 (D.C. Cir. 2023), which issued a decision conflicting with the Fifth Circuit in *Feds for Medical Freedom*.

rulings on federal employee, military vaccine mandates."[6] The article began with:

> The Supreme Court wiped a series of rulings implicating the Biden administration's vaccine mandates for federal employees and military service members, preventing the decisions from holding the weight of precedent in the future.
>
> With the mandates rescinded, the justices sided with the Biden administration Monday in agreeing to set aside the lower rulings after deeming the disputes moot, thus providing a clean legal slate for any future vaccine mandates.[7]

The vaccine mandates were rescinded at just the right time to avoid further scrutiny, and to allow the mandates to be issued again in near similar fashion in the future. To be clear, the Biden Administration believes the mandates under Executive Orders 14042 and 14043 were successful; in issuing the Revocation Order, Biden wrote that through these two orders, "[his] Administration effectively implemented the largest adult vaccination program in the history of the United States." Revocation Order at § 1. He is convinced that the orders were "necessary," and that although he was revoking the orders, he was adamant that "[v]accination remains an important tool to protect individuals from serious illness." *Id.* The timing of the revocation, the Government's subsequent push to remove all unfavorable and conflicting

---

[6] https://thehill.com/policy/healthcare/4353550-supreme-court-wipes-rulings-federal-employee-military-vaccine-mandates/ (last visited Jan. 23, 2024).

[7] *Id.*

6

decisions on the mandates, and the language of the Revocation Order itself, make it clear to any disinterested observer that given the right circumstances, a similar Administration will enact the exact same mandate. The purposeful actions taken by Defendants to carefully preserve their ability to resurrect the same mandates makes this threat a very real option, not just hypothetical or speculative. Defendants therefore cannot meet the heavy burden of showing that the Government will not return to the very conduct challenged by Plaintiffs.

For these reasons, and considering the distinguishable facts of this case, the Court should find *Health Freedom* inapposite, and hold that the case is not moot in accordance with the "voluntary cessation" doctrine.

Respectfully submitted,

*/s/ Nick Whitney*
Nick Whitney
AndersonGlenn LLP
10751 Deerwood Park Blvd
Suite 105
Jacksonville, FL 32256
Telephone: (904) 2730-4734
nwhitney@asglaw.com
*Local Counsel*

*/s/ Carol A. Thompson*
Carol A. Thompson
Federal Practice Group
1750 K Street N.W., Suite 900
Washington, D.C.  20006
Telephone:  (202)862-4360

7

...

Facsimile:   (888)899-6053  
cthompson@fedpractice.com  
*Admitted via Special Admission*