UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALLEN S. COUTURE, et al.,

        Plaintiffs,

                              Case No.: 8:22-cv-121-JLB-SPF

v.

LLOYD J. AUSTIN, III, in his official
capacity as Secretary of Defense, et al.,

        Defendants.
_____/

# ORDER

        Plaintiffs filed this lawsuit to prevent enforcement of President Biden's Executive Orders 14042 and 14043 (the "Vaccine Mandates"), which required certain federal employees and contractors to receive the COVID-19 vaccination. (Doc. 44 at 3). Since the filing of this lawsuit, the President revoked the Vaccine Mandates being challenged here by way of his issuance of Executive Order 14099 on May 9, 2023. *See* Exec. Order No. 14099, 88 Fed. Reg. 30,891 (May 9, 2023) (the "Revocation E.O.").

        Currently before the Court is Defendants' Motion to Dismiss, or in the Alternative to Transfer. (Doc. 59). Defendants contend that Plaintiffs' lawsuit is moot because Executive Orders 14042 and 14043 have been revoked since the filing of this case by issuance of the Revocation E.O. (*Id*. at 9–16). Defendants further contend that even if the Court finds that Plaintiffs' claims are not moot, this case

1

should be transferred because venue in the Middle District of Florida is improper. (*Id*. at 18–21). Plaintiffs responded in their Combined Opposition to Defendants' Motion to Dismiss and Motion for Leave to File an Amended Complaint. (Doc. 62) ("Plaintiffs' Motion to Amend").

Defendants replied, filing a Combined Reply in Support of Dismissal or Transfer and in Opposition to Amendment. (Doc. 65). On February 6, 2024, the Court received the last of the supplemental briefs it had ordered requesting the parties to address the impact of an intervening Eleventh Circuit decision, *Health Freedom Def. Fund v. President of United States*, 71 F.4th 888 (11th Cir. 2023), on its subject matter jurisdiction to hear this case. (Docs. 67, 68). There, the Eleventh Circuit held that the appeal of a district court's order striking down as unconstitutional Executive Order 13998—which mandated mask wearing in or on, among other settings, commercial aircrafts—was moot because that COVID-19-related Executive Order expired by its own terms prior to the Eleventh Circuit's adjudication of the appeal. *Health Freedom Def. Fund*, 71 F.4th at 891–93.

For the reasons set forth below, Defendants' Motion to Dismiss is **GRANTED** in part because the relief sought by Plaintiffs is moot and no exception to the mootness doctrine cures this Court's lack of "case or controversy" Article III jurisdiction. Additionally, Plaintiffs' Motion to Amend the Amended Complaint to address whether the Middle District of Florida is the proper venue to hear this case is **DENIED** as moot in light of the Court's holding that it lacks subject matter jurisdiction in the first instance.

## FACTUAL BACKGROUND

In September 2021, President Biden issued the Vaccine Mandates at issue here, which directed federal agencies to both incorporate vaccination requirements into certain federal contracts and to require their employees to receive a COVID-19 vaccine. *See* Exec. Order No. 14042, 86 Fed. Reg. 50,985 (Sept. 14, 2021); Exec. Order No. 14043, 86 Fed. Reg. 50,989 (Sept. 14, 2021). The stated purposes of the Vaccine Mandates were to "halt the spread of coronavirus disease 2019 (COVID-19), including the B.1.617.2 (Delta) variant" and ensure that workers were "adequately protected from COVID-19." *Id.*

In May 2023, the United States Department of Health and Human Services ("HHS") determined that based upon the sharp decline in COVID-19 deaths and hospitalizations, COVID-19 was "no longer the disruptive force it once was." *See, e.g.*, U.S. Dep't of Health & Human Servs., Fact Sheet: End of the COVID-19 Public Health Emergency (May 9, 2023), https://perma.cc/VFR4-MLT9. As a result, HHS decided that the "federal Public Health Emergency (PHE) for COVID-19 [would] . . . expire at the end of the day on May 11, 2023." *Id.*

On the same day that HHS declared that COVID-19 no longer presented a public health emergency, President Biden also issued the Revocation E.O., revoking the vaccination mandates set forth in both Executive Orders 14042 and 14043. *See* Exec. Order No. 14099, 88 Fed. Reg. 30,891 (May 9, 2023). Additionally, the Revocation E.O. directed agencies to rescind policies that were "premised" on the Vaccine Mandates. *Id.* The President explained that he had decided to revoke the

Vaccine Mandates because the United States was "no longer in the acute phase of the COVID-19 pandemic," and there was therefore no longer a need for "a Government-wide vaccination requirement for Federal employees or federally specified safety protocols for Federal contractors." *Id.*

## PROCEDURAL BACKGROUND

Plaintiffs filed this lawsuit on January 18, 2022 (Doc. 4) and subsequently amended their complaint. (Doc. 44) (the "Amended Complaint"). The Amended Complaint purports to bring six claims pursuant to the Administrative Procedure Act, alleging that the Vaccine Mandates violate various statutory and constitutional provisions. (*Id.* at 23–33). Plaintiffs asked this Court to declare the Vaccine Mandates unlawful and enjoin their nationwide enforcement. (*Id.* at 33).

Shortly after Plaintiffs filed the Amended Complaint, the Court stayed this action pending resolution of appellate proceedings in a similar case, *Feds for Med. Freedom v. Biden*, No. 22-40043 (5th Cir.). (Doc. 48). That appeal was resolved on March 23, 2023, when the Fifth Circuit affirmed a nationwide preliminary injunction against enforcement of Executive Order 14043. *Feds for Med. Freedom v. Biden*, 63 F.4th 366 (5th Cir. 2023). Immediately thereafter, this Court lifted the stay of this action (Doc. 53) and ordered Defendants to respond to the Amended Complaint. (Doc. 56).

Prior to Defendants' response deadline, the President issued the Revocation E.O. *See* Exec. Order No. 14099, 88 Fed. Reg. 30,891 (May 9, 2023). Defendants responded to the Amended Complaint by way of the Motion to Dismiss currently

4

before the Court (Doc. 59). The principal argument by Defendants is simple: the Revocation E.O. issued after the filing of this case has mooted Plaintiffs' claims and the Amended Complaint should therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. (*Id.* at 9–16). Alternatively, Defendants ask that this Court dismiss the Amended Complaint pursuant to 28 U.S.C. § 1406(a) because venue is improper. (*Id.* at 18–21). Plaintiffs oppose the Defendants' request for dismissal based on improper venue, requesting to amend the Amended Complaint to address any venue deficiencies. (Doc. 62 at 11).

## LEGAL STANDARD

"Article III of the Constitution grants the Judicial Branch authority to adjudicate 'Cases' and 'Controversies.'" *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90 (2013). Conversely, "courts have 'no business' deciding legal disputes or expounding on law in the absence of such a case or controversy." *Id.* (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006)). The Supreme Court has "repeatedly held that an 'actual controversy' must exist not only 'at the time the complaint is filed,' but through 'all stages' of the litigation." *Id.* at 90–91 (quoting *Alvarez v. Smith*, 558 U.S. 87, 92 (2009) (internal quotation marks omitted)); *see Health Freedom Def. Fund*, 71 F.4th at 891 (explaining that courts "look at the events at the present time, not at the time the complaint was filed or when the federal order on review was issued") (quoting *Djadju v. Vega*, 32 F.4th 1102, 1106 (11th Cir. 2022) (internal quotation marks omitted)).

A case is moot when the issue presented is no longer live, the parties lack a legally cognizable interest in its outcome, or a court decision could no longer provide meaningful relief to a party. *Troiano v. Supervisor of Elections in Palm Beach County, Fla.*, 382 F.3d 1276, 1281 (11th Cir. 2004). "If a suit is moot, it cannot present an Article III case or controversy and the federal courts lack subject matter jurisdiction to entertain it." *Seay Outdoor Adver., Inc. v. City of Mary Esther, Fla.*, 397 F.3d 943, 946 (11th Cir. 2005) (citations omitted). Whether a case is moot is a question of law, and the party urging dismissal bears the heavy burden of establishing mootness. *Troiano*, 382 F.3d at 1282; *Beta Upsilon Chi Upsilon Chapter v. Machen*, 586 F.3d 908, 916 (11th Cir. 2009).

There are two "notable exceptions" to mootness: the doctrines of (1) voluntary cessation and (2) capable of repetition, yet evading review. *Health Freedom Def. Fund*, 71 F.4th at 892. As to voluntary cessation, "[c]ourts have long recognized that defendants cannot moot a case and avoid litigation simply by ceasing its conduct once a complaint is filed." *Id.* Specifically, a defendant could simply game the system to moot a lawsuit challenging his unlawful conduct by ceasing that conduct and once that lawsuit is dismissed as moot, he could simply reengage in that unlawful conduct. *See id.*

The second notable but "narrow" exception to the mootness jurisdictional bar, "capable of repetition, yet evading review," applies in exceptional situations, "where '(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same

6

complaining party will be subject to the same action again.'" *Id.* at 892–93 (quoting *Arcia v. Fla. Sec'y of State*, 772 F.3d 1335, 1343 (11th Cir. 2014)); *cf. Dow Jones & Co., Inc. v. Kaye*, 256 F.3d 1251, 1256 (11th Cir. 2001) (explaining that the "narrow capable-of-repetition exception only applies in exceptional situations").

Because mootness is about the Court's subject matter jurisdiction to hear a case, Federal Rule of Civil Procedure 12(b)(1) provides the proper framework for evaluating Defendants' Motion to Dismiss. *See Sheely v. MRI Radiology Network, P.A.*, 505 F.3d 1173, 1182 (11th Cir. 2007). Under Rule 12(b)(1), a party may move to dismiss a lawsuit on the ground that the Court lacks subject matter jurisdiction. Jurisdiction may be attacked facially or factually. *Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.5 (11th Cir. 2003). A Rule 12(b)(1) facial attack to a court's subject matter jurisdiction is based entirely on allegations set forth on the face of the complaint, which the court must accept as true. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). Where a party raises a factual or substantive challenge to the existence of subject matter jurisdiction, the reviewing court may consider testimony, affidavits, and other matters beyond the face of the complaint and outside the pleadings. *See id.* In such a challenge a "'trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case without presuming the truthfulness of the plaintiff's allegations.'" *Makro Capital of Am., Inc. v. UBS AG*, 543 F.3d 1254, 1258 (11th Cir. 2008) (quoting *Morrison*, 323 F.3d at 925).

## DISCUSSION

I.  **Defendants' Motion to Dismiss**

Defendants argue that because Plaintiffs' lawsuit presents statutory and constitutional challenges to Executive Orders that have since been revoked by the Revocation E.O., the case is moot and must be dismissed by this Court for lack of subject matter jurisdiction. (Doc. 59 at 9–16). Indeed, the relief sought by Plaintiffs here—declarations that Executive Orders 14042 and 14043 violate the Fifth Amendment to the U.S. Constitution and various federal and state statutes, and a nationwide order enjoining the executive agencies named in Executive Orders 14042 and 14043 from implementing the vaccine mandates—are things the Court cannot do because Executive Orders 14042 and 14043 have been revoked.

The Supreme Court has repeatedly held that revocation of challenged legislation renders a lawsuit moot and deprives the court of jurisdiction. *See, e.g., Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 474 (1990) (holding that a challenge to a Florida banking statute was rendered moot by amendments to the law); *Massachusetts v. Oakes*, 491 U.S. 576, 583–84 (1989) (holding that an overbreadth challenge to a child pornography law was rendered moot by amendment to the statute). That is why when a government fully repeals a challenged law, a case challenging that law is almost surely moot. *Coral Springs Street Sys., Inc. v. City of Sunrise*, 371 F.3d 1320, 1331 n.9 (11th Cir. 2004) ("The federal courts of appeal have virtually uniformly held that the repeal of a challenged ordinance will moot a

8

plaintiff's request for injunctive relief in the absence of some evidence that the ordinance has been or is reasonably likely to be reenacted.") (collecting cases).

Here, there is no dispute that the Revocation E.O. fully repealed the challenged Vaccine Mandates. Nonetheless, Plaintiffs argue—relying on the capable of repetition, yet evading review exception to the mootness jurisdictional bar—that their claims are not moot, positing that the President may "reissue[]" the Vaccine Mandates in the future. (Doc. 62-1 at 7). "When dealing with government defendants, [the Eleventh Circuit has] held that challenges to laws that have been unambiguously terminated are moot unless there is a reasonable basis to believe that the policy will be reinstated if the suit is terminated." *Health Freedom Def. Fund*, 71 F.4th at 892 (internal quotation marks omitted). And indeed, "governmental entities and officials have been given considerably more leeway than private parties in the presumption that they are unlikely to resume illegal activities." *Coral Springs*, 371 F.3d at 1328–29.

For example, in *Nat'l Advert. Co. v. City of Miami*, 402 F.3d 1329, 1330–31 (11th Cir. 2005), the City of Miami adopted and later began enforcing a zoning ordinance that required the removal of certain nonconforming billboards. The plaintiff, an advertiser that specialized in leasing billboards, was notified that some of its billboards violated the zoning ordinance and that the billboards needed to be removed. *Id*. at 1330. The plaintiff sued the City, alleging that the zoning ordinance discriminated against non-commercial speech in violation of the First Amendment. *Id*. at 1330–31. After plaintiff filed suit, the City amended the zoning

9

ordinance to clarify "that non-commercial speech may be placed on any sign where commercial speech was permitted." *Id*. at 1331. Despite the City's revocation of the zoning ordinance, the plaintiff argued that its claims were not moot because it was possible that the City could reenact the challenged ordinance at some later date. *Id*. at 1333. The Eleventh Circuit disagreed because the record did not support a finding that there was a "substantial likelihood" that the challenged ordinance would be re-enacted even though the City had previously defended the ordinance. *Id*. at 1334. The Eleventh Circuit rejected the plaintiff's suggestion that it should "focus on the City's motivation in amending the code" because "the most important inquiry is whether we believe the City would re-enact the prior ordinance." *Id*.

Based on a careful review of the entire record here, the Court cannot find that there is a reasonable basis to expect that the Vaccine Mandates will be reinstated. While Plaintiffs speculate that the Revocation E.O. was brought about by the government's desire to avoid litigation, there is little factual support for that proposition. (Doc. 62-1 at 8–9; Doc. 67 at 4–7) (where, Plaintiffs principally point to the fact that the Revocation E.O. was issued after the Fifth Circuit affirmed a nationwide injunction against Executive Order 14043 and speculate that President Biden issued the Revocation E.O. in order to avoid further scrutiny from the Supreme Court). But there is ample evidence that the decision to issue the Revocation E.O. was driven by the containment of public health emergency caused by the COVID-19 virus.

For example, the text of the Vaccine Mandates clearly states that they were necessitated by the COVID-19 public health emergency and the dangers it presented to the workforce. *See* Exec. Order No. 14042, 86 Fed. Reg. 50,985 (Sept. 14, 2021); Exec. Order No. 14043, 86 Fed. Reg. 50,989 (Sept. 14, 2021). It is compelling that HHS's announcement that the COVID-19 public health emergency had ended and the President's Revocation E.O. were issued at the same time. *See* U.S. Dep't of Health & Human Servs., Fact Sheet: End of the COVID-19 Public Health Emergency (May 9, 2023), https://perma.cc/VFR4-MLT9; Exec. Order No. 14099, 88 Fed. Reg. 30,891 (May 9, 2023). That is, this is strong evidence that the President's decision was the result of improved health and safety conditions. Indeed, by its own terms, HHS announced that it was the end of a public health emergency. While the Court recognizes that Plaintiffs argue that the Revocation E.O. was timed to "avoid the Supreme Court ruling against the government, and upholding the Fifth Circuit's decision in *Feds for Med. Freedom v. Biden*" (Doc. 62-1 at 8–9), the Court does not find that this temporal proximity, standing alone, shows that there is a substantial chance that the Vaccine Mandates would be re-issued. *See National Advertising,* 402 F.3d at 1333, n.6 (noting that, while the defendant city amended its sign code six months after being sued, "other evidence persuades us that [the defendant city] did not amend its sign code to deprive this Court of jurisdiction").

Moreover, the Court finds it persuasive that nearly one year has passed since the President issued the Revocation E.O. and he has not again issued any other

11

health-related Executive Orders imposing directives like those contained in the Vaccine Mandates. This factor weighs heavily against a conclusion that the President will re-issue the same orders. *See Health Freedom Def. Fund*, 71 F.4th at 892 (in the context of a mootness analysis, noting that "there is not a grain of evidence that the CDC has any plans to promulgate an identical [COVID-19 mask] mandate").

The Court therefore concludes that there is not a "reasonable basis to expect the challenged conduct to start up again if this case is declared moot." *Id.* Accordingly, the Court will **DISMISS** the Amended Complaint as moot.[1]

## II. Plaintiffs' Motion to Amend

Plaintiffs have also requested leave to file a Second Amended Complaint. (Doc. 62 at 1). The Court recognizes that it "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "[l]eave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007); *see Burger King Corp. v.*

---

[1] Defendants have also moved to dismiss the Amended Complaint on the basis that Plaintiffs lack standing to challenge E.O. 14042. (Doc. 59 at 17). Because the Court has already dismissed the entire Amended Complaint as moot, the Court declines to address Defendants' standing argument. Likewise, in the alternative to dismissing Plaintiffs' claims, Defendants asked this Court to transfer this case to another venue. The Court need not address Defendants arguments regarding transfer because, again, the Court has already determined that Plaintiffs' claims are due to be dismissed.

*Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999) (leave to amend should be denied when the complaint as amended is still subject to dismissal).

Here, Plaintiffs concede that the proposed changes to their Amended Complaint only address the venue deficiencies identified by Defendants. (Doc. 62-1 at 11). Simply stated, Plaintiffs' proposed Second Amended Complaint would not cure the issue of mootness, which is the basis of the Court's decision to dismiss the Amended Complaint. As a result, allowing Plaintiffs to file a Second Amended Complaint on this basis would be futile. The Court therefore **DENIES** Plaintiffs' Motion to Amend.

## CONCLUSION

For the reasons set forth above, it is hereby **ORDERED**:

1. Defendants' Motion to Dismiss, or in the Alternative to Transfer (Doc. 59) is **GRANTED in part** insofar as it requests a dismissal of the Amended Complaint (Doc. 44) pursuant to Fed. R. Civ. P. 12(b)(1). Any further or alternative relief requested in the Motion, including Defendants' request to change venue pursuant to 28 U.S.C. 1406(a) is **DENIED** as moot.

2. Plaintiffs' Motion to Amend (Doc. 62) is **DENIED**.

3. The Clerk of Court is **DIRECTED** to terminate all pending deadlines, deny any pending motions as moot, and close this file.

**ORDERED** at Tampa, Florida on March 12, 2024.

_____
**JOHN L. BADALAMENTI**
UNITED STATES DISTRICT JUDGE

14